WYETH HARDWARE & MANUFACTURING CO. v. SINO SHEARER.

FILED JANUARY 3, 1893.   No. 4913.

Guaranty: WEIGHT OF EVIDENCE. The testimony being conflicting, and the verdict not being against the clear weight of the evidence, the judgment is affirmed.

ERROR from the district court of Furnas county. Tried below before COCHRAN, J.

*McClure & Anderson* and *J. M. Johnson*, for plaintiff in error.

*W. S. Morlan, G. W. Norris,* and *C. B. Roberts, contra.*

MAXWELL, CH. J.

This is an action upon the following guaranty:

"*To Wyeth Hardware & Mfg. Co., St. Joseph, Mo.*— GENTLEMEN: I hereby guarantee to you payment for any goods purchased by J. W. Shearer, to the amount of $500. This guarantee to continue and remain in force until you are notified by me to the contrary.

"Dated at Beaver City, Febr. 6th, 1886.

"SINO SHEARER."

In the answer the defendant alleges that Sino Shearer went out of business in the spring of 1887, and settled with the plaintiff and paid it in full; that the defendant notified the plaintiff not to sell any more goods upon the guaranty, and demanded a return of the same; that in the year 1888 Sino Shearer again went into business, and purchased the goods in question on his own credit, and after due notice to the plaintiff not to sell any more goods on the guaranty.

The reply is a general denial.

On the trial of the cause the jury returned a verdict for the defendant, upon which judgment was rendered.

The principal ground upon which a reversal is sought is the want of sufficient evidence to sustain the verdict. Isaac Shearer, a son of the defendant, testified that he commenced the harness business, at Beaver City, in 1886; that he closed up his business in the spring of 1887, and settled with the plaintiff and paid it in full. He testifies as follows:

Q. State if you know anything about notice being given to the Wyeth Hardware Company to return the guarantee that your father gave in this case—had given to them when you went into business for the first time.

A. They were notified of it.   There was; I wrote to them for that guarantee myself.

Q. Under whose instructions, if any one's?

A. My father's.

Q. Was that guarantee ever returned?

A. No, sir.

Q. Now then, what did you do with the letter that you wrote to them?

A. I sent a letter to them.

Q. Where did you send it—how did you send it?

A. I sent it by mail to the Wyeth Hardware Company.

Q. Where did you deposit the letter.

A. In the post-office at Beaver City.

Q. Where was it directed?

A. To St. Joseph, Mo.

Q. To whom?

A. William Wyeth Hardware Company.

Q. Was the postage prepaid on that letter?

A. Yes, sir.

Q. What, Mr. Shearer, did you do when you went out of business in 1887?

A. I went to Washington Territory.

Q. Go ahead, Mr. Shearer—how long were you gone?

A. I was gone something over six months.

Q. When you got back, did you go into the harness business again?

A. Not immediately.

Q. How soon after you got back?

A. Something like three months—along there—it might have been a little more.

Q. From the time you went out of business in Beaver City to the time when you again went into business, how much time elapsed?

A. Something nearly a year.

He further testifies:

Q. You say that there was a conversation that took

place between Mr. Shearer, the defendant—your father, and Mr. Curtain, and yourself, at the time you went into business again, or near that time?

A. Mr. Curtain and I were standing talking in the store, and father came in and I introduced Mr. Curtain to father, and told father his business, and father told me to be very careful what I bought, so that I would not buy too much, so I could pay for them, for that he would not be responsible for anything— for anything more that I bought.

Q. Where was Mr. Curtain at that time?

A. I don't know—he was right by—the conversation was directed to both of us.

Q. At the time you settled up business with the Wyeth Hardware Company and paid them when you went out of business, state to the jury whose money you used to make that settlement.

Q. Well, at the time you settled up with the Wyeth Hardware Company, at or about the time you went out of business the first time, state whose money you used to make that settlement.

A. I used father's.

The testimony of Sino Shearer, the father of J. W. Shearer, corroborates that of the son. He also testifies that when the guaranty was given in 1886, his son was under the age of twenty-one years, and that was the reason the guaranty was given; that in 1887 his son went out of business and paid the plaintiff in full up to that time; that the son left the state and was gone six months and did not go into business the second time for about six months after he returned.

This testimony is not denied. It also appears that the goods for which this action is brought were furnished after the son had gone into business the second time. Mr. Curtain denies that he was ever notified that the guaranty was withdrawn, as also do some of the members of the plaint-

iff firm, but the evidence is so nearly balanced that we cannot disturb the verdict.     The judgment must therefore be

AFFIRMED.

THE other judges concur.